DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ERIC BERG,<br><br>    Defendant. | Criminal Case No. 09-00017<br><br><br>**OPINION AND ORDER RE:**<br>**MOTION FOR RECONSIDERATION** |

    The Defendant, Eric Berg, moved to dismiss federal forgery and identity theft charges on the ground that the Government had violated certain provisions of the Interstate Agreement on Detainers Act ("IAD"), 18 U.S.C. App. 2, § 2, Art. I. *See* Def.'s Am. Mot., ECF 17. After hearing argument from counsel, the court granted the Defendant's motion and dismissed the indictment with prejudice. *See* Ct. Order, ECF No. 25. This matter now comes before the court on the Government's Motion for Reconsideration of that dismissal. *See* Gov't. Mot., ECF No. 30. For the reasons stated herein, the court **DENIES** the Government's Motion.

    The Federal Rules of Criminal Procedure do not expressly permit motions for reconsideration. *See United States v. Hector*, 368 F. Supp. 2d 1060, 1062–63 (C.D. Cal. 2005), *rev'd* on other grounds, 474 F.3d 1150 (9th Cir. 2007). However, the Ninth Circuit has stated that motions to reconsider should be treated as motions to alter or amend under Federal Rule of Civil Procedure 59(e). *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1419 (9th

1 Cir. 1984).  The Circuit has identified three reasons sufficient to warrant a court's
2 reconsideration of a prior order: (1) an intervening change in controlling law; (2) the discovery
3 of new evidence not previously available; and (3) the need to correct clear or manifest error in
4 law or fact, to prevent manifest injustice.  *School Dist. No. 1J  v. ACandS, Inc.*, 5F.3d. 1255,
5 1263 (9th Cir. 1993).  Upon demonstration of one of these three grounds, the movant must then
6 come forward with "facts or law of a strongly convincing nature to induce the court to reverse its
7 prior decision." *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D.Haw.1996).

8       The Government's argument hinges on the third prong, that the court's ruling was clearly
9 erroneous or manifestly unfair. *See* Gov't's  Mot., ECF No. 30.  Specifically, the Government
10 disagrees with this court's reliance upon *United States v. Johnson*, 196 F.3d 1000 (9th Cir.
11 1999).[1]  At the hearing, the court spent considerable time discussing *Johnson* and its
12 applicability to this case.  The Government's motion offers nothing new that suggests this court
13 erred in relying upon *Johnson* as the controlling case on point.  *In re Agric. Research & Tech.*
14 *Grp*, 916 F.2d 528, 542 (9th Cir. 1990) ("Motions for reconsideration may properly be denied
15 where the motion fails to state new law or facts").  A motion for reconsideration should not be
16 used to ask the court "to rethink what the court had already thought through – rightly or
17 wrongly." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va.
18 1983).  The court finds that the Government has not made a sufficient showing to justify granting
19 the relief it seeks.  Accordingly, the Motion for Reconsideration is hereby **DENIED.**

20     **SO ORDERED.**

**/s/ Frances M. Tydingco-Gatewood**
   **Chief Judge**
**Dated: Nov 18, 2011**

---

[1] The Government also discusses two Ninth Circuit cases, *Tinghitella v. California*, 718 F.2d 308 (9th Cir. 1983) and *Johnson v. Stagner*, 781 F.2d 758 (9th Cir. 1986).  These cases predate *Johnson* and are not on point.  Moreover they should have been discussed in the Government's Opposition to the Defendant's Motion to Dismiss.  "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *United States v. O'Neal*, 28 F.Supp.2d 1211, 1212 (D.Kan., 1998).